UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| INTREAL BLAKELEY, | ) |
| Plaintiff, | ) |
| v. | ) 1:25-cv-01362-MMM |
| IVAN PEREZ, *et al.* | ) |
| Defendants. | ) |

### ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at Pontiac Correctional Center, asserts claims based on occurrences during his imprisonment at Pontiac Correctional Center.

A. <u>Motion to Request Counsel</u>

The Court undertakes an initial two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

Plaintiff has not made a showing of a reasonable attempt to secure counsel, nor that he has been precluded from making such an attempt. Plaintiffs normally make this showing by filing copies of letters sent to several civil rights attorneys seeking assistance, along with copies of the responses they received from the attorneys they contacted. Plaintiff may consider including a copy of his complaint with the requests he sends out because this will help attorneys decide if they want to take on his case.

Motion denied. Plaintiff may renew his motion after attempting to secure counsel himself.

B. Merit Review Order

The case is before the Court for a merit review of Plaintiff's complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

On November 29, 2024, Plaintiff was on 3 gallery of North House, Cell 313, at Pontiac. He asked C/O Murray for a Crisis and Murry refused. Murray called a supervisor. Defendant Sgt. Ivan Perez and Sgt. Medlock reported to Plaintiff's cell. Perez was shaking a can of OC Spray as he walked up. They yelled at Plaintiff "you little bitch come out the cell give me my cuffs." Medlock radioed for a Lieutenant and Lts. Pratt and Blackwell reported to Plaintiff's cell. Pratt opened Plaintiff's chuck hole and said, "give me my cuffs now, I don't got time for this." Plaintiff said he wanted and needed a Crisis. One of the Defendants then sprayed Plaintiff with the OC spray. Pratt

said, "how that feel you little bitch, come to the front," Plaintiff again asked for a Crisis, and he was again sprayed with OC spray. Plaintiff allowed the officers to cuff him. Then, after he was cuffed, the officers opened the cell door. The officers slammed the handcuffed and recently OC sprayed Plaintiff onto his metal bedframe. One of the Defendants put their full weight on him. He was punched four times and "choked," which could plausibly mean strangled by a Defendant. He was dragged from the cell and fell down the stairs face first. As Plaintiff waited for medical attention in the bullpen he asked Blackwell "why did you let Perez punch me in the face," and Blackwell said, "say my first name again and I'm going to punch you in the face next." Plaintiff asked Pratt why he let Perez punch him and Pratt said "I didn't see anything."

Plaintiff was placed on suicide watch for five days and a mental health professional wrote a report of the incident. Perez wrote a false conduct report on Plaintiff and the ticket was dismissed. Photos were taken by Sgt. Farley. Plaintiff alleges generally there were issues of retaliation regarding his food and mail, and that a toilet was inoperative for eight days. These allegations are not tied to a specific timeframe.

Plaintiff's complaint states a claim for excessive force against Defendants Perez, Medlock, Pratt, Blackwell, and Murray. *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984); *Kervin v. Barnes*, 144 F. App'x 551, 552 (7th Cir. 2005) (internal citations omitted). It is not clear which Defendant(s) did exactly what, but Plaintiff alleges these officers twice used OC spray on him while he was locked in his cell, then, once he was handcuffed, punched him, strangled him, and pushed him down the stairs. Discovery is needed to resolve each Defendant's specific involvement. The balance of Plaintiff's

allegations are too sparsely alleged to state a plausible claim for relief against any Defendant.

IT IS THEREFORE ORDERED:

1. **Plaintiff's Motion to Request Counsel [4] is DENIED.**

2. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states a claim for excessive force against the named Defendants. Any additional claims and parties shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown, or pursuant to Federal Rule of Civil Procedure 15.**

3. **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

4. **The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

5. **With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

6. **The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and**

   have answered, the court will enter an order setting discovery and
   dispositive motion deadlines.

7. This district uses electronic filing, which means that, after defense counsel
   has filed an appearance, defense counsel will automatically receive
   electronic notice of any motion or other paper filed by the plaintiff with the
   clerk. The plaintiff does not need to mail to defense counsel copies of
   motions and other papers that the plaintiff has filed with the clerk.
   However, this does not apply to discovery requests and responses.
   Discovery requests and responses are NOT filed with the clerk. The
   plaintiff must mail discovery requests and responses directly to counsel for
   the appropriate defendant. Discovery requests or responses sent to the
   clerk will be returned unfiled unless they are attached to and the subject of
   a motion to compel. Discovery does not begin until the court has entered a
   scheduling order, which will explain the discovery process in more detail.

8. Counsel for the defendants is hereby granted leave to depose the plaintiff.
   Counsel for the defendants shall arrange the time for the deposition.

9. The plaintiff shall immediately notify the court, in writing, of any change
   in mailing address and telephone number. The plaintiff's failure to notify
   the court of a change in mailing address or phone number will result in
   dismissal of this lawsuit.

10. The clerk is directed to enter the standard qualified protective order
    pursuant to the Health Insurance Portability and Accountability Act.

Entered this 20th day of October, 2025.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE